UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

(Northern Division)

| | |
|---|---|
| TRACEY L. CHALK,    *<br>   *on her own behalf and on behalf*<br>   *of all others similarly situated*    *<br><br>   Plaintiffs    *<br>                              CASE NO. 1:11-cv-03052--CCB<br>v.    *<br>   *<br>PNC BANK, NATIONAL ASSOCIATION<br>   *<br>   Defendant<br>   * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Plaintiff Tracey Chalk, by and thorough her undersigned counsel, does hereby oppose Defendant PNC Bank, National Association's ("PNC") Motion to Dismiss (Doc. 21) and incorporates by reference her arguments previously submitted in opposition to PNC's prior motion to dismiss relating to Counts I, II and III of her complaint (Document 8) and Exhibits 1-4 (Documents 8-1 through 8-4) and in further opposition states:

I. THE *SHEPHERD* DECISION DID NOT RULE ALL SERVICERS ARE HOLDERS.

The Defendant contends that the decision in *Shepherd v. Burson*, Case No. 110, September Term, 2011 (August 20, 2012) disposes of the Plaintiff's remaining claims in this case. The Defendant contends that it was properly named as the secured party because it is the holder of the note. See Defendant's Memorandum at p. 8. (Document 21-1).

1

In her complaint, Chalk alleges that any delivery of the note to the Defendant was "solely as [Freddie Mac's] agent". Complaint, ¶ 24.  Defendant's motion to dismiss does not address this allegation. Instead, the Defendant contends that the decision in *Shepherd* stands for the proposition that a servicer is a secured party "when the servicer is the holder of the underlying promissory note". See Defendant's Memorandum at p. 8.  That statement is not dependent on the status as a servicer but the status as a holder. The *Shepherd* court made the factual determination based on its analysis of the record before it that OneWest was a secured party because the note was originally payable to it (or its predecessor). See *Shepherd*, FN 11 on P. 12.

Significantly, the Court of Appeals did not address the merits of Shepherd's contention, similar to the contention made by Chalk in ¶ 24 of her complaint, that OneWest was not a holder of the note but a mere "transferee of the loan for the purpose of acting on Freddie Mac's behalf" because it had not been raised before the Circuit Court. *Shepherd*, FN 11.  The limitation on an appellate court's scope of review does not apply here.

Therefore, the *Shepherd* case, which found that OneWest was a holder based on the factual record before it, does not resolve the factual issues here as to whether Defendant PNC was a secured party in this instance. The specific carve out of this issue by the *Shepherd* Court is a recognition that the factual determination of whether a servicer is a holder is a predicate for application of that portion of the ruling in *Shepherd*.

All of the Defendant's arguments are premised on its overbroad reading of the *Shepherd* case as if it held as a matter of law that all servicers are holders under the Maryland foreclosure laws.  Accordingly, the Defendant's arguments are insufficient to sustain a motion to dismiss.

There are factual issues as to whether PNC is a holder in this instance. The existence of factual issues precludes granting a motion to dismiss.

### II.  THERE IS NO DISPUTE THAT PNC DID NOT INCLUDE FREDDIE MAC IN ITS NOTICE OF INTENT TO FORECLOSE.

The Notice of Intent to Foreclose used by PNC does not set forth Freddie Mac as a secured party. See Defendant's Exhibit 4. (Document 21-6). PNC does not contend that Freddie Mac does not hold an interest in the Plaintiff's loan. Nor could it, given the affidavit it filed stating Freddie Mac was the owner of the loan. See Defendant's Exhibit 7. (Document 21-9). The Court of Appeals held in *Shepherd* held that the identity of all holders should be included in the Notice of Intent to Foreclose.  There is no dispute that PNC failed to do that here.

In *Shepherd*, the court did not find that the absence of Freddie Mac to be grounds to dismiss the foreclosure because Shepherd had delayed raising the issue. However, Chalk is not seeking dismissal of a foreclosure proceeding. Chalk is claiming under consumer protection statutes, the filing of a foreclosure proceeding which does not comply with Maryland law can support a claim under Maryland's consumer protection laws. Moreover, there has been no factual determination here that the inclusion of PNC as a holder was factually accurate. See Part I, infra. Therefore, whether a false statement was made in the Notices of Intent to Foreclose has not been resolved in this action. At this juncture, dismissal does not appear proper when there are factual issues to be resolved. For these reasons, the Defendant's motion to dismiss should be denied.

### III. CONCLUSION

For the reasons set forth herein, and the arguments incorporated by reference herein, the Defendant's Motion to Dismiss should be denied.

Respectfully submitted,

____/s/_____
Scott C. Borison (Bar No. 22576) and
Phillip Robinson (Bar No. 27824)
Legg Law Firm, LLC
5500 Buckeystown Pike
Frederick MD 21703
(301) 620-1016
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing was served on the Defendant's counsel when filed through the Court's CM/ECF system on October 22, 2012.

____/s/_____
Scott C. Borison